IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI   EASTERN DIVISION

**FILED**

DEC 2 6 2006

ARLEN B. COYLE, CLERK
By _____ Deputy

CONEHOMA WATER ASSOCIATION, INC.                    PLAINTIFF

VS.                                     CAUSE NO. *1: 06 CV347-m-D*

MASTER METER, INC.                                   DEFENDANT

<u>JURY TRIAL IS REQUESTED</u>

<u>COMPLAINT</u>

COMES NOW Conehoma Water Association, Inc., by and through its counsel, J. Niles McNeel of McNeel and Ballard in Louisville, Mississippi, and files this Complaint for damages against Master Meter, Inc., and in support would show the following:

1.

Conehoma Water Association, Inc., (hereinafter "Conehoma"), is a Mississippi non-profit corporation with its headquarters in Williamsville, Attala County, Mississippi.

2.

Master Meter, Inc., (hereinafter "Master Meter") is a corporation with its principal place of business located at 101 Regency Parkway, Mansfield, Texas 76063. Master Meter may be served with process by serving its registered agent, Jerrald A. Potter, at 101 Regency Parkway, Mansfield, Texas 76063.

3.

This court has jurisdiction of this action as the controversy exceeds the sum of $75,000.00 and is between parties of different states, all pursuant to 28 <u>U. S. C. A</u>. §1332.

4.

The Defendant is a water meter manufacturer providing water measurement and reading equipment. The Plaintiff is a rural water association providing service to approximately 1,075 customers in Attala and Leake counties of Mississippi.

5.

The Plaintiff, beginning on or about June 2001, purchased 1,138 Master Meter/Ramar transpondit units that were to enable Plaintiff to obtain the water usage for each customer by radio-read meters. The total cost paid for these units was $161,000.00. A computer system to read the meters cost $22,500.00.

6.

Since the transpondit units were installed, all have failed. Initially, Defendant replaced the first units that failed. However, the Defendant later refused to replace later units that failed and some of the replaced units have now failed. A total of 579 units have failed without being replaced. Units are continuing to fail monthly. Plaintiff has reported the failures to the Defendant but Defendant has refused to replace any more of the units without additional costs and has refused to refund monies paid for the units.

7.

The failure of said units has resulted in a loss to date of $82,218.00, plus the cost of the computer system, and additional damages as set out below.

8.

## EXPRESS WARRANTY CLAIM

Prior to the time of purchase, the Defendant made both written and oral warranties to the Plaintiff on the Master Meter/Ramar units. Such warranties included accuracy standards and that such units would be free from defects in materials and workmanship and that such meters would perform to AWWA repaired meter accuracy standards. Defendant breached these express warranties since the units do not perform and have failed.

9.

## IMPLIED WARRANTY OF MERCHANTABILITY

In addition to the express warranties conveyed by the Defendant to the Plaintiff, the meters are also subject to certain implied warranty of merchantability pursuant to Section 75-2-314 of the *Mississippi Code of 1972.*

10.

## IMPLIED WARRANTY OF FITNESS

The transpondit units were sold with an implied warranty of fitness for the purpose of reading the meters by radio and the Plaintiff relied on the Defendant's skill and judgment in selection of such units. This implied warranty of fitness has been breached, pursuant to Section 75-2-315 of the *Mississippi Code of 1972.*

11.

## STRICT LIABILITY

Defendant manufactured and sold an inherently defective product and is strictly liable for the damages proximately caused by that defect, all as set forth hereinabove and hereafter.

12.

## BAD FAITH

The Defendant owed to the Plaintiff an implied covenant of good faith and fair dealing which was breached by the Defendant's bad faith by refusing the replacement of the transpondit units and refusing to bear the full costs of replacement and repair.

13.

## DAMAGES

The Plaintiff has incurred loss of income from down time, interest, economic loss and costs of repairs as a result of Defendant's breach of warranty and bad faith.

WHEREFORE, Plaintiff prays for judgment against the Defendant for damages in an amount exceeding $75,000.00, exclusive of interest and costs.

CONEHOMA WATER ASSOCIATION, INC.

BY: _____
J. Niles McNeel, Attorney for Plaintiff

J. Niles McNeel (MSB # 2786)
McNeel & Ballard
208 South Columbus Avenue
Post office Box 28
Louisville, Mississippi 39339
662 773 2041/662 773 7572
Attorney for Plaintiff, Conehoma Water Association, Inc.